UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICROSOFT CORPORATION,

                        Plaintiff,

-v-

DUONG DINH TU, ET AL.,

                        Defendants.

23 Civ. 10685 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

      The Court is docketing two orders, attached, in this case which it previously issued *ex parte* and under seal, on July 23, 2024. These are an *ex parte* order entering a supplemental preliminary injunction, and an order to temporarily seal the documents submitted in connection with the supplemental preliminary injunction.

      SO ORDERED.

                                                *Paul A. Engelmayer*
                                                PAUL A. ENGELMAYER
                                                United States District Judge

Dated: August 2, 2024
         New York, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
MICROSOFT CORPORATION,  :
 :
             Plaintiff,  :    Case No. 23 Civ. 10685 (PAE)
  -against-  :
 :    **REQUEST TO FILE UNDER SEAL**
DUONG DINH TU,  :
LINH VAN NGUYEN, and  :
TAI VAN NGUYEN,  :    [~~PROPOSED~~] **ORDER TO TEMPORARILY**
 :    **SEAL DOCUMENTS IN CONNECTION WITH**
 :    **MOTION FOR *EX PARTE* SUPPLEMENTAL**
           Defendants.  :    **PRELIMINARY INJUNCTION ORDER**
------------------------------------------------x

Plaintiff, having moved on an *ex parte* basis to temporarily seal documents in connection with its motion for an *ex parte* supplemental preliminary injunction order, in the traditional manner, on paper, and the Court having reviewed the motion and having found sufficient cause under Federal Rule of Civil Procedure 5.2(d) to order such temporary sealing, it is hereby:

ORDERED that the documents identified in Plaintiff's motion to temporarily seal documents in connection with its motion for an *ex parte* supplemental preliminary injunction order shall be temporarily sealed.

IT IS FURTHER ORDERED that absent further Order of this Court, the Clerk shall unseal those documents and provide public access thereto via the Court's ECF system on July 31, 2024.

Entered this 23d day of July, 2024

SO ORDERED:

*Paul A. Engelmayer*
Hon. Paul A. Engelmayer

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
MICROSOFT CORPORATION,                :
                                      :
              Plaintiff,              :    **Case No. 23-cv-10685**
      -against-                       :
                                      :
DUONG DINH TU,                        :
LINH VAN NGUYEN, and                  :
TAI VAN NGUYEN,                       :    **REQUEST TO FILE UNDER SEAL**
                                      :
              Defendants.             :
------------------------------------------------x

## [PROPOSED] *EX PARTE* ORDER FOR SUPPLEMENTAL PRELIMINARY INJUNCTION

Having reviewed the papers, declarations, exhibits, and memorandum filed in support of Plaintiff's request for an *ex parte* order for supplemental preliminary injunction, the Court hereby determines that Defendants have violated this Court's Preliminary Injunction Order (ECF No. 23), and enters the following *ex parte* supplemental preliminary injunction order.

### I.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court hereby makes the following findings of fact and conclusions of law:

1.  The Defendants were served with the Preliminary Injunction Order via the alternative service methods previously authorized by the Court.

2.  After receiving notice of the Preliminary Injunction Order, the Defendants have continued to engage in the conduct enjoined by the Preliminary Injunction Order, and therefore continue to violate the Preliminary Injunction Order. In particular, using the new Internet domain set forth in **Appendix A** to this Order, Defendants have intentionally and without authorization continued to sell tools for fraudulently obtaining Microsoft accounts and other criminal services.

3. There is good cause to believe that Defendants are likely to continue conduct enjoined by the Preliminary Injunction Order, unless further relief is ordered to prevent Defendants from maintaining the domain for such prohibited and unlawful purposes.

4. There is good cause to believe that, unless further relief is ordered to prevent Defendants from maintaining the domain, immediate and irreparable harm will result to Plaintiffs, their customers, and to the public, from the Defendants' ongoing violations.

5. Therefore, in accordance with Federal Rule of Civil Procedure 65, 15 U.S.C. § 1116(d), 28 U.S.C. § 1651(a), and the Court's inherent equitable authority, good cause and the interests of justice require that this Order be granted.

## II. SUPPLEMENTAL PRELIMINARY INJUNCTION

**IT IS THEREFORE ORDERED** that the terms of the Preliminary Injunction Order shall be supplemented to provide, pursuant to the All Writs Act, that: (i) VeriSign, Inc., the registry operator for .com domain names, shall change the registrar of record for the Internet domain set forth in **Appendix A** to Plaintiff's registrar of choice, MarkMonitor, Inc., which will then change the registrant of the domain to Plaintiff, and VeriSign, Inc. shall take reasonable steps to work with Plaintiff to ensure the transfer of the domain; and (ii) Vultr, the hosting service provider for the Internet domain set forth in **Appendix A**, shall disable all services provided thereto.

**IT IS FURTHER ORDERED** that copies of this Order may be served on Defendants by the email and publication alternative service methods previously authorized by this Court.

**IT IS SO ORDERED**

Entered this 23d day of July, 2024.

_Paul A. Engelmayer_
Hon. Paul A. Engelmayer

2