UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
MICROSOFT CORPORATION,                              :
                                                    :
        Plaintiff,                         :   Case No. 23 Civ. 10685 (PAE)
  -against-                                        :
                                                    :
DUONG DINH TU,                                      :
LINH VAN NGUYEN, and                                :
TAI VAN NGUYEN,                                     :
                                                    :
        Defendants.                        :
---------------------------------------------------------x

_____

**[PROPOSED] ORDER FOR DEFAULT JUDGMENT AND
PERMANENT INJUNCTION**
_____

      This matter comes before the Court on the Motion for Default Judgment and Permanent Injunction filed by Plaintiff Microsoft Corporation ("Microsoft").  Microsoft has established the elements of its claims for (1) violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962; (2) trademark infringement under the Lanham Act, 15 U.S.C. § 1114 *et seq.*; (3) false designation of origin, federal false advertising, and federal unfair competition under the Lanham Act, 15 U.S.C. § 1125(a); (4) trademark dilution under the Lanham Act, 15 U.S.C. § 1125(c); (5) tortious interference with business relationships; (6) conversion; (7) trespass to chattels; and (8) unjust enrichment.  Defendants Duong Dinh Tu, Linh Van Nguyen (a/k/a Nguyen Van Linh), and Tai Van Nguyen (collectively, "Defendants") have failed to appear, plead, or otherwise defend this action.  Plaintiff is entitled to default judgment under Federal Rule of Civil Procedure 55(b) and a permanent injunction pursuant to Federal Rule of Civil Procedure 65; 15 U.S.C. § 1116(a); and 28 U.S.C. § 1651(a).

I. **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Having reviewed the papers, declarations, exhibits, and memorandum of law filed in support of Plaintiff's Motion for Default Judgment and Permanent Injunction, the Court hereby makes the following findings of fact and conclusions of law:

1. Defendants were properly served with Plaintiffs' summons, Complaint, and other pleadings in this action and were provided with adequate notice through means authorized by the Court's prior orders, satisfying Due Process and Federal Rule of Civil Procedure 4, and reasonably calculated to provide Defendants with notice. Specifically, Defendants have been served via email at email addresses they provided to the providers of certain Internet services used to carry out the activity that is subject to Microsoft's Complaint, and by publication on the public website available at https://dcu-noticeofpleadings.azurewebsites.net/.

2. Defendants failed to appear, plead, or otherwise defend against the action.

3. The time for responding to Microsoft's Complaint was 21 days from service of the summons and Complaint, and more than 21 days have elapsed since Plaintiff effectuated service. The Clerk properly entered default pursuant to Federal Rule of Civil Procedure 55(a) and Local Civil Rule 55.1 on August 13, 2024.

4. This Court has jurisdiction over the subject matter of this case and venue is proper in this judicial district.

5. Microsoft is entitled to entry of judgment and a permanent injunction against Defendants.

6. The record evidence indicates that no Defendant is an infant or incompetent person.

7. Defendants have engaged in and are likely to engage in acts or practices that constitute violations of the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C.

§ 1962) and the Lanham Act (15 U.S.C. § 1114 *et seq.* and 15 U.S.C. § 1125), and that constitute tortious interference with business relationships, conversion, trespass to chattels, and unjust enrichment.

8. Microsoft owns the following registered trademarks, which are used in connection with Microsoft's services, software, and products: (1) Outlook launch icon mark, (2) Outlook word mark, and (3) Hotmail word mark.

9. There is good cause to believe that, unless Defendants are permanently restrained and enjoined and unless further relief is ordered to expeditiously prevent Defendants from maintaining the registration of Hotmailbox.me, 1stcaptcha.com, Anycaptcha.com, Nonecaptcha.com, and Rockcaptcha.com, for purposes enjoined by the Preliminary Injunction (Dkt. No. 23) and Supplemental Preliminary Injunction (Dkt. No. 41 at 3–4), on an ongoing basis, immediate and irreparable harm will result to Plaintiff, Plaintiff's customers, and the public. The evidence in the record demonstrates that Defendants have engaged in violations of the foregoing law by:

   a. forming and associating with an unlawful enterprise, which they have used to engage in a pattern of racketeering activity involving millions of predicate acts of wire fraud;

   b. misappropriating Microsoft's famous and distinctive registered trademarks;

   c. acting for a wrongful purpose and through dishonest, unfair, and improper means, to interfere with and cause damage to Microsoft's business relationships;

   d. interfering with and converting Microsoft's account-creation systems, infiltrating those systems and stealing valuable information therefrom to create

    and sell fraudulent accounts and tokens for subsequent use by criminals for cybercrime activity and other unlawful ends;

  e. interfering with and taking as their own Plaintiff's resources, particularly the "tokens" procured from the CAPTCHA challenges employed by Microsoft; and

  f. infiltrating Microsoft's systems, stealing the data necessary to create fraudulent Microsoft accounts, and selling those fraudulent accounts (along with CAPTCHA tokens) to cybercriminals.

  10. There is good cause to believe that if such conduct continues, irreparable harm will occur to Microsoft, Microsoft's customers, and the public. There is good cause to believe that Defendants will continue to engage in such unlawful actions if not permanently restrained from doing so by Order of the Court.

  11. There is good cause to believe that Defendants have specifically directed their products and services to cybercriminals located in the Southern District of New York. There is also good cause to believe that, in carrying out their unlawful enterprise, Defendants utilized an Internet Service Provider ("ISP") data center located in the Southern District of New York, as well as services provided by third parties located in the Southern District of New York, including payment processors and ISPs.

  12. There is good cause to direct third-party registry operators, hosting service providers, and proxy service providers with a presence in the United States to reasonably assist in the implementation of this Order and refrain from frustrating the implementation and purposes of this Order, pursuant to 28 U.S.C. § 1651(a).

13. The hardship to Plaintiff and its customers that will result if a permanent injunction does not issue weighs in favor of an injunction, and Defendants will suffer no cognizable injury as a result of being enjoined from perpetrating further illegal conduct.

14. An injunction to prevent further illegal conduct by Defendants is in the public interest.

15. There is good cause to permit notice of the instant order, and further orders of the Court, by alternative means. The following means of service are authorized by law, satisfy Due Process, and satisfy Federal Rule of Civil Procedure 4(f)(3) and are reasonably calculated to notify Defendants of the instant order: (1) emailing the instant Order to duongdinhtu93@gmail.com, duongdinhtu93@outlook.com, 17021195@vnu.edu.vn, nguyenlinh.uet@gmail.com, nvt.kscntt@gmail.com, and daukho1112@gmail.com; and (2) publishing notice on the publicly available website, https://dcu-noticeofpleadings.azurewebsites.net/.

## II. ORDER FOR PERMANENT INJUNCTION

**IT IS THEREFORE ORDERED** that Microsoft's Motion for Default Judgment and Permanent Injunction is granted.

**IT IS FURTHER ORDERED** that Defendants are in default, and that judgment is awarded in favor of Plaintiff and against Defendants.

**IT IS THEREFORE ORDERED** that Defendants, their representatives, and persons who are in active concert or participation with them are permanently restrained and enjoined from: (1) making or causing others to make false or misleading representations or omissions to obtain any access to any Microsoft accounts or services; (2) using Internet "bots" to improperly access Microsoft's security systems; (3) using Internet "bots" to deceive Microsoft's security systems into believing that they are legitimate human consumers of Microsoft services; (4) creating

Microsoft Outlook email accounts in names of fictitious users or otherwise in violation of Microsoft's Services Agreement; (5) selling those fraudulently procured accounts to cybercriminals for use as tools in perpetrating online crime; and (5) otherwise configuring, deploying, operating, or maintaining Hotmailbox.me, 1stcaptcha.com, Anycaptcha.com, Nonecaptcha.com, and Rockcaptcha.com.

**IT IS THEREFORE ORDERED** that Defendants, Defendants' representatives, and persons who are in active concert or participation with them are permanently restrained and enjoined from infringing or otherwise misappropriating Plaintiff's registered trademarks, and using in connection with Defendants' activities any false or deceptive designation, advertisement, representation, or description of Defendants' or of their representatives' activities, whether by symbols, words, designs, or statements, which would damage or injure Plaintiff, give Defendants an unfair competitive advantage, or result in deception of consumers.

**IT IS FURTHER ORDERED**, pursuant to the All Writs Act (28 U.S.C. § 1651), that the terms of this Permanent Injunction shall be enforced against Defendants, Defendants' representatives, and persons who are or were in active concert or participation with them, as follows: (1) VeriSign, Inc., the registry operator for .com domain names, shall maintain Plaintiff's registrar of choice, MarkMonitor, Inc., as the registrar of record for 1stcaptcha.com, Anycaptcha.com, Nonecaptcha.com, and Rockcaptcha.com in the .com registry, and MarkMonitor, Inc., shall maintain Plaintiff as the registrant of those domains; and (2) Identity Digital (formerly Afilias Inc.), the registry operator for .me domain names, shall maintain Plaintiff's registrar of choice, MarkMonitor, Inc., as the registrar of record for Hotmailbox.me in the .me registry, and MarkMonitor, Inc. shall maintain Plaintiff as the registrant of that domain.

**IT IS FURTHER ORDERED**, pursuant to the All Writs Act (28 U.S.C. § 1651), that Cloudflare, Inc., the proxy service provider of 1stcaptcha.com, Anycaptcha.com, Nonecaptcha.com, and Hotmailbox.me; Cloud South, the hosting service provider of Hotmailbox.me; and Vultr, the hosting service provider of 1stcaptcha.com, Anycaptcha.com, Nonecaptcha.com, and Rockcaptcha.com, shall (1) maintain the disablement of the computers, servers, electronic data storage devices, software, data, or media assigned to or otherwise associated with Defendants' use of these domains and continue making them inaccessible from any other computer on the Internet, any internal network, or in any other manner, to Defendants, Defendants' representatives, and all other persons, except as otherwise ordered herein; and (2) maintain the suspension of all services to Defendants or Defendants' representatives or resellers associated with the domains referenced in this order. In determining the methods and mechanisms to effectuate the directives in this paragraph, the third parties named in this Permanent Injunction shall reasonably confer with Plaintiff's counsel, Brian T. Markley, Cahill Gordon & Reindel LLP, 32 Old Slip, 19th Floor, New York, NY 10005, bmarkley@cahill.com, to facilitate any follow-on action.

**IT IS FURTHER ORDERED**, pursuant to the All Writs Act (28 U.S.C. § 1651), that VeriSign, Inc., Identity Digital, Cloudflare, Inc., Cloud South, and Vultr shall (1) not enable, and shall take all reasonable steps to prevent, any circumvention of this order by Defendants or Defendants' representatives associated with the domains referenced in this Order, including but not limited to enabling, facilitating, and/or allowing Defendants or Defendants' representatives or resellers to rent, lease, purchase, or otherwise obtain another IP Address associated with their

7

services; and (2) provide reasonable assistance in implementing the terms of this Order and take no action to frustrate the implementation of this Order.

**IT IS FURTHER ORDERED** that copies of the instant Order may be served by (1) emailing the instant Order to duongdinhtu93@gmail.com, duongdinhtu93@outlook.com, 17021195@vnu.edu.vn, nguyenlinh.uet@gmail.com, nvt.kscntt@gmail.com, and daukho1112@gmail.com; and (2) publishing the instant Order on the publicly-available webpage, https://dcu-noticeofpleadings.azurewebsites.net/, a link to which will be provided for at least the next six months to anyone that visits Hotmailbox.me, 1stcaptcha.com, Anycaptcha.com, Nonecaptcha.com, or Rockcaptcha.com.

**IT IS SO ORDERED**

Entered this __29__ day of __August__, 2024.   _____Paul A. Engelmayer_____

                                                Hon. Paul A. Engelmayer